## Johnson, Appellant, v. Chester Traction Company.

*Negligence—Street railways—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries, a nonsuit is properly entered where the evidence shows that the plaintiff being drunk and disorderly was put off a car, that he fell but arose at once, ran after the car and was still running when the car got beyond sight of him ; and that the car on the return trip ran against him while he was lying on the track in the dark, about 600 feet from the point where he had been ejected.

Argued Feb. 11, 1904. Appeal, No. 290, Jan. T., 1903, by plaintiff, from order of C. P. Del. Co., Sept. T., 1900, No. 26, refusing to take off nonsuit in case of James E. Johnson v. Chester Traction Company. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The court entered a compulsory nonsuit which·it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*James Watts Mercur* and *V. Gilpin Robinson,* for appellant.

*W. B. Broomall,* for appellee.

PER CURIAM, May 16, 1904:

The court below entered a nonsuit on the ground of the contributory negligence of the plaintiff. Such negligence was plain.

But in addition to this there was no evidence on which the jury could have been permitted to find negligence of the defendant that caused the accident. The plaintiff being drunk and disorderly was put off the car, fell but arose at once and ran after the car. When the car got beyond sight of him he was still running. The proximate cause of the accident therefore was not his ejection from the car, and the case must be treated without regard to that feature. After plaintiff was ejected the car had continued its journey to the station a mile or more away, and on the return trip ran against him while he was lying on the track in the dark, and about 600 feet from the point where he had been ejected.

Plaintiff endeavored to prove negligence of the company by showing the schedule time allowed for the car trip, and also the distance at which the headlight would enable the motorman to see an object on the track ahead of him. The offers were general and none of them was sufficiently connected by circumstances stated, to make it evidence of negligence.

Judgment affirmed.